COBB, Judge.
The City of Maitland enacted an ordinance (Ordinance 551, as amended by Ordinance 571) which prohibited non-residents of that city from obtaining parking permits for boat trailer spaces in a municipal lakefront park. These spaces are in convenient proximity to boat ramp facilities in the park. A user of the ramp without access to such spaces must park his boat trailer, while using a boat in the lake, on an adjoining street. The City’s stated justification for its favored treatment of local residents, as recited in the ordinance was:
[TJraffic congestion, access to the park, constraints of limited parking spaces for boat trailers (13), and proximity of the park location to adjacent residential dwelling units.
The appellee (Bassmasters) attacked the constitutionality of the ordinance. After a non-jury trial, the trial judge declared the ordinance:
invalid insofar as such ordinance discriminates between residents and non-residents in the use of the trailer parking facilities at Fort Maitland Park, no substantial reason for such discrimination having been shown or that use by nonresidents created a peculiar evil attributable to the non-residents.
Appellant relies on County Board of Arlington County, Va. v. Richards, 434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 (1977), to support its contention that even a restriction as to on-street parking based on residency is proper. In Arlington, the county adopted an ordinance which ordered permits to be issued to residents of areas designated as crowded with parked cars from outside the neighborhood. Permits were also issued to persons doing business with residents there and to some visitors. The Virginia Supreme Court held that the ordinance violated the Fourteenth Amendment and that the ordinance’s discrimination between residents and non-residents “bears no reasonable relation to the regulation’s stated objective.” [1] The Supreme Court vacated the Virginia order, noting that the reduction of air pollution and other environmental effects of commuting were proper reasons to allow a community to restrict available on-street parking. The Court held that these social and environmental objectives are not outlawed by the Constitution, nor are distinctions between residents and non-residents of a local neighborhood presumed to be invidious. The Court held that the Equal Protection Clause requires only that the discrimination drawn by an ordinance such as Arlington’s rationally promote the regulation’s objectives.
Arlington is distinguishable from the instant case. Here, the goal of the ordinance is not to curtail air pollution, noise or traffic. Rather, the ordinance is intended solely to give residents preference over non-residents in the use of parking spaces in the park. There has been no showing that the *180 non-residents cause any more harm than the residents in parking and, indeed, the trial court noted that the restriction, which forces the non-residents to make a u-turn to park, increases rather than lessens the hazards to safety in the surrounding area.
In this case, there is no rational basis for the discrimination. The only basis is the fact that residents desire an assured parking space near the municipal boat ramp. This justification cannot stand and the lower court’s finding that no substantial reason existed for the discrimination is fully supported by the evidence, and the final judgment is
AFFIRMED.
SHARP and COWART, JJ., concur.

. The objectives of the ordinance included: reducing traffic hazards, lessening air pollution and excess noise, allowing free access to residents of the area, and keeping the area safe.